IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HEATHER SANTANA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 11-4059-CV-C-NKL |
| PROENERGY SERVICES, LLC ) | |
| ) | |
| Defendant ) | |

## ANSWER

### Count I

Comes now Defendant by and through counsel and for its answer to Plaintiff's Complaint states:

1. Defendant admits Plaintiff is a female who formerly worked for ProEnergy Services, LLC, prior to her termination. Defendant denies the rest of the allegations not specifically admitted.

2. Defendant admits it is a Missouri Limited Liability Company with its headquarters in Sedalia, Pettis County, Missouri. Defendant admits Plaintiff formerly worked at its Sedalia offices. Defendant denies the rest of the allegations contained in Paragraph 2 not specifically admitted.

3. Plaintiff's Paragraph 3 makes no factual allegations, but to the extent and answer is required, Defendant admits that Plaintiff has only made claims under Title VII, 42 USC 2000e et seq.

4. Defendant states that these claims are the subject of an arbitration clause contained in ProEnergy's employment agreement and denies the rest of the allegations not specifically admitted.

5. Defendant states that these claims are the subject of an arbitration clause contained in ProEnergy's employment agreement and denies the rest of the allegations not specifically admitted.

6. Defendant admits Plaintiff was hired as an employee in July of 2007.

7. Denied. Plaintiff was terminated for poor job performance.

8. Defendant denies Paragraph 8 and all of its subparts. Defendant states that Plaintiff made one complaint about an e-mail from a co-worker. That co-worker was disciplined by Defendant to Plaintiff's satisfaction.

9. Denied.

10. Denied.

11. Denied.

12. Admit.

13. Admit.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15. Defendant incorporates by references answers to Paragraphs 1 through 14 as if set forth more fully herein.

16. Denied.

17. Denied.

18. Denied.

Wherefore, Defendant having fully answered prays this court enter judgment against Plaintiff under Count I of her Complaint, for its costs herein expended and for such further and different relief as this court deems just and proper.

### Count II

Comes now by and through counsel and for its answer to Count II of Plaintiff's Complaint states:

19. Defendant incorporates by reference the answers to Paragraphs 1 through 18 of its answer of this set forth more fully herein.

20. Denied.

21. Admit.

22. Denied.

23. Denied.

24. Denied.

25. No answer is required to Paragraph 25, it is not a factual statement.

Wherefore, having fully answered Count II of Plaintiff's Complaint, Defendant prays this court for judgment to be entered against Plaintiff, for Defendant's costs herein expended, and for such further and different relief as the court deems just and proper.

### Affirmative Defenses

26. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

27. Plaintiff's claim is barred by the applicable statute of limitations.

28. Plaintiff failed to file her complaints within the EEOC within 180 or 300 days of the last act of alleged discrimination.

29. Plaintiff has alleged conduct which occurred outside of the 180 or 300 day time limit to file complaints with the EEOC and as well made allegations of conduct which were not contained within her charge filed with the EECO and therefore they are barred by the applicable limitations.

30. Plaintiff's claim was barred by the doctrine of laches.

31. Defendant denies that it terminated Plaintiff based upon her gender or in retaliation for any alleged conduct, but should a jury make a determination adverse to Defendant, Defendant would have terminated Plaintiff regardless of her gender.

32. Plaintiff has failed to mitigate any of her alleged damages. Plaintiff was discharged for legitimate non-discriminatory reasons.

33. Defendant's conduct is protected by the Business Judgment Rule. Defendant has exercised reasonable care to prevent and correct promptly any sexual harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer to avoid harm that she alleges.

34. Plaintiff's lawsuit is barred by the arbitration clause of her employment agreement. Defendant demands arbitration pursuant to the employment agreement signed by Plaintiff to arbitrate these claims according the rules of the American Arbitration Association to be administered by the American Arbitration Association. A copy of Plaintiff's employment agreement containing the arbitration agreement is attached.

Wherefore, having fully answered Plaintiff's Complaint, Defendant request this court enter judgment against Plaintiff on Counts I and II of her complaint and enter judgment for Defendant, for Defendant' costs herein expended, for Defendant's attorney's fees and for such further and different relief as the court deems just and proper.

Respectively submitted,

KEMPTON AND RUSSELL

By:     /s/ Robert W. Russell
Robert W. Russell    #38116
114 East Fifth St.
P. O. Box 815
Sedalia MO 65302-0815
660-827-0314
660-827-1200 (FAX)
rob@kemptonrussell.com
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing is to be served by operation of the Court's electronic filing system upon all parties entered in this case this 11th day of May, 2011.

    /s/ Robert W. Russell
    Attorney